IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE STOKES,                             : | |
|           Petitioner     : | |
|                              : | |
|           v.                                 : | CIVIL ACTION NO. 98-5182 |
|                              : | |
| THE DISTRICT ATTORNEY OF THE   : | |
| COUNTY OF PHILADELPHIA, et al.   : | |
|           Respondents : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                    **January 29, 2013**

      Petitioner, a state prisoner serving a life sentence for murder imposed in 1984, seeks relief from Judge Katz's May 18, 1999 judgment denying his petition for a writ of *habeas corpus* as time-barred. Petitioner argues that, in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), we should relieve him from that judgment because he is entitled to equitable tolling.

      Because petitioner seeks relief from an allegedly incorrect procedural ruling, his motion is a true 60(b) motion rather than an unauthorized second or successive petition for *habeas* relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). Thus, we shall consider his motion.

      To obtain relief from a judgment based on an intervening change in law under Rule 60(b)(6), a movant must establish "extraordinary circumstances" that justify setting aside the judgment. *See Gonzalez*, 545 U.S. at 535. "[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); *see also Gonzalez*, 545 U.S. at 536. Furthermore, a petitioner cannot establish extraordinary circumstances if the newly announced rule does not affect the integrity of the court's earlier judgment. *See Wilson v.*

*Fenton*, 684 F.2d 249, 251 (3d Cir. 1982) (per curiam) (no extraordinary circumstances when new Supreme Court decision did not apply to the petitioner's circumstances).

In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. "*Martinez* does not mention statute of limitations arguments under § 2244(d) or the effect its holding should have on timeliness analyses [with respect to] requests for habeas relief[.]" *Williams v. Ives*, Civ. A. No. 12-652, 2012 WL 3939981, at *1 (E.D. Mo. Sept. 10, 2012). Accordingly, several courts have held that it has no bearing on whether a habeas petition was timely filed. *Id.*; *Chambers v. Medina*, Civ. A. No. 12-1808, 2012 WL 4478984, at *5 (D. Colo. Sept. 28, 2012) ("[A]lthough *Martinez* might be relevant if [petitioner] were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martinez* demonstrates the existence of any extraordinary circumstances sufficient to justify equitable tolling of the one-year limitation period."); *Terry v. Cathel*, Civ. A. No. 12-5263, 2012 WL 4504590, at *4 (D.N.J. Sept. 27, 2012) ("No aspect of the *Martinez* decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition."); *Stromberg v. Varano*, Civ. A. No. 09-401, 2012 WL 2849266, at *5 n.37 (E.D. Pa. July 11, 2012) ("*Martinez* is not controlling in this case because the Court denied the Petition as time-barred, not procedurally defaulted."). Therefore, *Martinez* does not provide a basis

for disturbing the judgment in this case.

     To the extent that petitioner claims he is entitled to equitable tolling independently of *Martinez* because he did not receive his legal work in a timely manner and because post-conviction counsel failed to notify him that the Pennsylvania Supreme Court denied review in his case, he still is not entitled to relief under 60(b).  While his petition was pending, petitioner argued, as he does in the instant motion, that he should be entitled to equitable tolling because he did not receive his legal work in time to file a *habeas* petition within the limitations period.  To the extent petitioner alleges that Magistrate Judge Wells and District Judge Katz erred in rejecting that argument, or in failing to hold a hearing on the issue, he is not entitled to relief because legal error "without more does not justify the granting of relief under Rule 60(b)(6)."[1]  *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004). Similarly, petitioner could have argued for equitable tolling based on post-conviction counsel's alleged failure to keep him informed about his case while his *habeas* petition was pending.  His attempt to do so now, over a decade later, renders his motion clearly untimely. *See* Fed. R. Civ. P. 60(c)(1) (a motion made pursuant to Rule 60(b)(6), such as Petitioner's, must be made "within a reasonable time").

     For the above reasons, petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) shall be denied.

---

[1] Despite petitioner's allegations of error, the Third Circuit affirmed the judgment in this case on appeal.